# EXHIBIT 3

Case 1:06-cv-01261-PLF    Document 6-4    Filed 09/18/2006    Page 1 of 6

Slip Copy
Slip Copy, 2006 WL 1520641 (E.D.Mo.)
**(Cite as: Slip Copy)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,E.D. Missouri, Eastern Division.
NORTHPOLE US, LLC, Plaintiff,
v.
Walter L. PRICE, Defendant.
**No. 4:06CV0148 TCM.**

May 31, 2006.

John H. Quinn, III, Jeffrey H. Kass, Jeffrey L. Schultz, Armstrong Teasdale, LLP, St. Louis, MO, for Plaintiff.
Joseph R. Meaney, Ellis & Venable, P.C., Phoenix, AZ, for Defendant.

*MEMORANDUM AND ORDER*
MUMMERT, Magistrate J.
**\*1** This case is before the Court [FN1] on the opposed motion of defendant, Walter Price, to either dismiss the pending amended complaint for lack of jurisdiction or to transfer the action to the American Arbitration Association or the United States District Court for the District of Arizona. [Doc. 8]

> FN1. The case is before the undersigned United States Magistrate Judge by written consent of the parties. *See* 28 U.S.C. § 636(c).

*Background*

NorthPole US, LLC ("NorthPole") alleges in its amended complaint that it is a Delaware limited liability company with its principal place of business in Franklin County, Missouri. (Compl.¶ 1.) Walter Price ("Price") is a resident of Arizona and the owner of Price Holding Company ("PHC"), "an intellectual property holding company." (*Id.* ¶¶ 2, 3.)

On January 27, 2006, Price's attorney wrote North-Pole's Vice-President at Northpole's Missouri office to insist that NorthPole cease infringing on U.S. Patent No. 5,913,270 (the " '270 patent") and "several other patents" (collectively referred to as the "Price patents"). (Pl.Ex. 1.) Reference was made in the letter to NorthPole "willfully infring[ing] these [Price] patents by preying upon Tuned In Sports' financial difficulty[.]" (*Id.*) The following Wednesday, NorthPole sued Price in this District, asking that the court declare that NorthPole's products do not infringe the '270 patent or other Price patents and enjoin Price, his officers, and others of a certain legal relationship with Price from taking any action within three categories, each of which involves patents. (Compl.Ct.II, ¶¶ 1, 2.) NorthPole further alleges that it licenses United States Patent No. 5,676,168 (the '168 patent) from PHC. (*Id.* ¶ 8.) The only patent attached as an exhibit to the amended complaint is the '270 patent directed at a portable modular field kitchen. (*Id.* Ex. 2.)

In response, Price moves to dismiss for lack of jurisdiction or, in the alternative, to transfer the action to the American Arbitration Association in Arizona or to the United States District Court for the District of Arizona. NorthPole opposes both requests and, in turn, requests time within which to conduct jurisdictional discovery if the court finds that personal jurisdiction is lacking.

In an affidavit attached to his motion to dismiss, Price avers, without contradiction, that he is the named inventor on the Price patents and is the president of PHC. (Price Aff. ¶ 1-2.) In 2000, PHC sold the Price patents to Tuned In Sports, Inc. ("TIS"). (*Id.* ¶ 4.) Since August 2000, Price's only contacts with Missouri have been to "try and resolve patent infringement/licensing issues" with NorthPole. (*Id.* ¶ 9.) In 2003, Price reacquired the rights to the Price patents from TIS. (*Id.* ¶ 6.)

In February 2004, Price and Sam Lamke entered into a Non-Disclosure Agreement ("the Agreement"). (*Id.* ¶ 10.) Price believed Lamke was acting on behalf of NorthPole.[FN2] (*Id.*) The Agreement provided, inter alia, that certain inventions, patents, and other intellectual property owned by Price and disclosed by him for the purpose of negotiating a business arrangement with an entity identified in the Agreement only as the "Receiving Party" was not to be disclosed by the Re-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ceiving Party or used by it for any purpose other than to evaluate a potential business arrangement with Price. (Price Aff. Ex. 2.) The Agreement further provided that the venue of any dispute between the parties about it should be in Maricopa County, Arizona. (*Id.* at 2.)

> FN2. The Non-Disclosure Agreement does not name NorthPole or identify any relationship between Lamke and NorthPole. Lamke's address is, however, that of NorthPole.

**\*2** Two weeks later, Lamke, signing in his capacity as Vice-President of NorthPole, and Price, signing in his capacity as President of PHC, executed a Non-Exclusive Patent License Agreement ("the License Agreement"). (Price Aff. Ex. 3.) This License Agreement involved the '168 patent, titled "Fast Erecting Tent," and included a provision requiring arbitration in Arizona and a forum selection clause mandating that the courts of Maricopa County, Arizona, have exclusive jurisdiction and venue over all disputes, except for "the enforcement of an arbitration award or claim for equitable relief." (*Id.* at 3.)

Jack Youn, an officer with NorthPole or its parent company, avers that he met with Price in 2004 at NorthPole's Missouri office when Price was soliciting NorthPole's agreement to market Price's "pop-up tent" concept and pay him royalty fees. (Youn Aff. ¶ 8.) Youn also avers that NorthPole first learned of Price's "portable field kitchen technology" in 2000 or 2001 when Price displayed it at a trade show. (*Id.* ¶ 9.)

*Discussion*

At first glance, this action is simply a declaratory judgment action requesting a declaration of noninfringement in response to a "cease and desist" letter by the holder of several patents, specifically the '270 patent.

When "the jurisdictional question at issue ... is 'intimately involved with the substance of the patent laws,' " the law of the Federal Circuit Court of Appeals is applied rather than the law of the regional circuit in which the case arose. *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1359 (Fed.Cir.2001) (quoting *Akro Corp. v. Luker,* 45 F.3d 1541, 1543 (Fed.Cir.1995)) (alteration added). *Accord Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.,* 444 F.3d 1356, 1361 (Fed.Cir.2006); *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.,* 297 F.3d 1343, 1348 (Fed.Cir.2002). In cases such as the pending one where the parties have not conducted discovery, the law of the Federal Circuit requires a plaintiff "only to make a prima facie showing that the defendant [was] subject to personal jurisdiction." FN3 *Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201 (Fed.Cir.2003) (interim quotations omitted). In considering whether this showing has been made, "the pleadings and affidavits are construed in the light most favorable to the plaintiff," *id.* (interim quotations and alterations omitted), and uncontroverted factual allegations are assumed to be true, *Akro,* 45 F.3d at 1543. *Accord Trintec Indus., Inc. v. Pedre Promotional Products, Inc.,* 395 F.3d 1275, 282-83 (Fed.Cir.2005).

> FN3. This showing is the same as required by the Eighth Circuit Court of Appeals. *See St. Paul Fire and Marine Ins. Co. v. Courtney Enter., Inc.,* 270 F.3d 621, 623 (8th Cir.2001); *Digi-Tel Holdings, Inc. v. Proteq Telecomms., Ltd.,* 89 F.3d 519, 522 (8th Cir.1996).

Two inquiries are made when determining whether personal jurisdiction exists over a non-consenting, out-of-state defendant: "whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp.,* 249 F.3d at 1360. When the state's long-arm statue is coextensive with the limits of due process, the two inquires become one. *Id.; Trintec Indus. Inc.,* 395 F.3d at 1279; *Akro,* 45 F.3d at 1544.

**\*3** The " 'ultimate objective' " of Missouri's long arm-statue FN4 is " 'to extend the jurisdiction of the courts of [Missouri] over nonresident defendants to that extent permissible under the Due Process Clause [.]' " *Clune v. Alimak AB,* 233 F.3d 538, 541 (8th Cir.2000) (quoting *State v. Pinnell,* 454 S.W.2d 889, 892 (Mo.1970) (en banc)) (alterations added).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"Accordingly, Missouri courts have interpreted the statute broadly to cover those cases where the Due Process Clause permits the assertion of personal jurisdiction." *Id.* Thus, in the instant case, the two inquiries become one.

> FN4. Missouri's long arm statute, Mo.Rev.Stat. § 506.500, provides, in relevant part, as follows:
> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state; ...

" '[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain *minimum contacts* with it such that the maintenance of the suit does not offend "traditional notions of *fair play and substantial justice.*" ' *Inamed Corp.,* 249 F.3d at 1360 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The minimum contacts test is met when either (a) the defendant "purposefully direct[s]" his activities at residents of the forum or (b) the cause of action " 'arises out of or relates to' the defendant's activities with the forum." *Id.* (quoting *Akro,* 45 F.3d at 1545) (alteration added). *Accord Silent Drive, Inc.,* 326 F.3d at 1201-02; *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1359 (Fed.Cir.1998). The former criterion is referred to as "general jurisdiction"; the second as "specific jurisdiction." *Id.* For either criterion, " '[r]andom,' 'fortuitous,' or 'attenuated' contacts do not count in the minimum contacts calculus[,]" nor do "contacts resulting from the 'unilateral activity' of others[.]" *Id.* (alterations added). For the first criterion, "a defendant whose contacts with a forum are 'continuous and systematic' may be subject to jurisdiction even when the cause of action has no relation to those contacts." *Id.* In the second criterion, the use of the disjunctive "or" is significant. *Inamed Corp.,* 249 F.3d at 1362.

In the amended complaint, two affidavits, two agreements, and one letter, there is but one reference to Price directing his activity to a Missouri resident. That reference is to his visit to the NorthPole office in 2004 to exhibit a tent and solicit NorthPole's agreement to market the tent to its customers. This one visit is not the "continuous and systematic" contact required for general jurisdiction. Moreover, there is no allegation that the patents at issue are the subject of any exclusive license agreements with Missouri residents, a circumstance which has given rise to general jurisdiction. *See, e.g., Breckenridge,* 444 F.3d at 1366; *Silent Drive, Inc.,* 326 F.3d at 1194.

The minimum contacts test is also met if the cause of action "arises out of or relates to" the defendant's activities with the forum. To satisfy this criterion, "the plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed." *Akro,* 45 F.3d at 1547. Citing Price's one visit to Missouri, his attorney's "cease and desist" letter, and his exhibition of his "portable field kitchen technology" at a trade show, the location of which is not disclosed, North-Pole argues that specific jurisdiction is satisfied by these contacts.

***4** "[E]ven a single contact with a forum state may suffice for personal jurisdiction if its directly and substantially related to the plaintiff's claim." *Red Wing,* 148 F.3d at 1359 (alteration added). Seemingly, the threatening of a resident with an infringement action would give rise to specific jurisdiction. *See Id.* at 1360. Assuming, without deciding, that it does, the court must then consider " 'whether assertion of personal jurisdiction is "reasonable and fair." ' " *Silent Drive, Inc.,* 326 F.3d at 1202 (quoting *Inamed,* 249 F.3d at 1360). Cease and desist letters alone are not sufficient under this consideration to create personal jurisdiction. *Id.* at 1206; *Red Wing,* 148 F.3d at 1360.

Principles of fair play and substantial justice afford a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.

*Id.* at 1360-61. Thus, in the case of a declaratory judgment action filed in response to a cease and desist letter "the crux of the due process inquiry ... focus[es] first on whether the defendant has had contact with the parties in the forum state beyond the sending of the cease and desist letters or mere attempts to license the patent at issue there." *Breckenridge, 444 F.3d at 1366* (alterations added). *Accord Silent Drive, Inc., 326 F.3d at 1202*.

On the record now before the Court, there are two contacts of Price with a resident of Missouri: (1) his 2004 visit to NorthPole and (2) the 2006 cease and desist letter. The first contact relates to the Non-Disclosure Agreement and the License Agreement. The License Agreement is for the '168 patent; however, this patent is mentioned in the amended complaint only in the context of being one of several patents listing Price as the inventor and being licensed by Price to NorthPole. The focus of the pending action is clearly the '270 patent. The Court finds that an agreement entered in 2004 for one patent does not create sufficient minimum contacts to establish personal jurisdiction for purposes of a declaratory judgment action relating to another patent. *See Id.* (concluding that allegations of defendants' other contacts with forum state were insufficient to establish personal jurisdiction in declaratory action for patent non-infringement; such contacts were sporadic and did not involve patent at issue). Consequently, the Court further finds that NorthPole has not carried its burden of establishing a prima facie case of personal jurisdiction over Price.[FN5]

> FN5. Because the Court lacks personal jurisdiction over Price, it may not reach the question of the applicability of the forum selection clause in the two agreements.

Because NorthPole has not carried its burden, the Court must consider its request for jurisdictional discovery. *See Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1323 (Fed.Cir.2005)* (finding that plaintiff in patent infringement suit had preserved discovery request by raising it in response to motion to dismiss for lack of personal jurisdiction). "Such discovery is appropriate where the existing record is 'inadequate' to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Trintec, 395 F.3d at 1283* (interim quotations omitted).

**\*5** NorthPole notes that Price has had contacts with Missouri in his efforts to resolve licensing issues with NorthPole and has solicited business from it. These general allegations entitle NorthPole to conduct jurisdictional discovery.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED that Walter L. Price's motion to dismiss or transfer is DENIED without prejudice.

IT IS FURTHER ORDERED that NorthPole USA, LLC, is GRANTED sixty (60) days to conduct jurisdictional discovery as to Walter L. Price pursuant to the Federal Rules of Civil Procedure, after which Walter L. Price may file a renewed motion to dismiss or transfer.

E.D.Mo.,2006.
NorthPole US, LLC v. Price
Slip Copy, 2006 WL 1520641 (E.D.Mo.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1019051 (Trial Motion, Memorandum and Affidavit) Reply in Support of Motion to Dismiss or Transfer (Mar. 27, 2006) Original Image of this Document (PDF)
• 2006 WL 1019050 (Trial Motion, Memorandum and Affidavit) Plaintiff Northpole US, LLC'S Memorandum in Opposition to Defendant Walter L. Price's Motion to Dismiss or Transfer and, in the Alternative, Plaintiff Northpole US, LLC's Motion for Leave to Conduct Jurisdictional Discovery (Mar. 15,

2006) Original Image of this Document (PDF)
• 2006 WL 651876 (Trial Motion, Memorandum and Affidavit) Motion to Dismiss or Transfer (Feb. 27, 2006) Original Image of this Document with Appendix (PDF)
• 2006 WL 473877 (Trial Pleading) Amended Complaint (Feb. 3, 2006) Original Image of this Document (PDF)
• 4:06cv00148 (Docket) (Feb. 1, 2006)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.