# EXHIBIT 4

Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 2004 WL 1964506 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
PORTRAIT DISPLAYS, INC., Plaintiff,
v.
Bryan SPEECE, Ashley Saldanha and Entech Taiwan, Defendants.
**No. C-04-1501 RMW.**

Sept. 3, 2004.

Christopher L. Wanger, Ryan S. Hilbert, for Plaintiff.
Michael Timothy Welch, for Defendant(s).

ORDER DENYING DEFENDANT ENTECH TAIWAN'S MOTION TO DISMISS
WHYTE, J.

[Re: Docket Nos. 7, 8, 28]

*1 Defendant Entech Taiwan ("Entech") filed a motion to dismiss for lack of personal jurisdiction. Plaintiff opposes the motion, and defendant did not file a reply. The motion was heard on August 20, 2004. The court has reviewed the parties' papers and considered their arguments. For the reasons set forth below, the court DENIES Entech's motion to dismiss for lack of personal jurisdiction.

I. BACKGROUND

PDI's complaint claims copyright infringement, misappropriation of trade secrets and related causes of action against all defendants for misappropriation and use of proprietary software code and proprietary information. (Complaint ¶ 1.) Plaintiff also raises other claims, including an alleged breach of a nondisclosure agreement, against defendants Speece and Saldanha.

Speece and Saldanha are former employees of PDI, a provider of software applications for computer display technologies. (Complaint ¶¶ 10, 18, 24, 28, 30.) PDI hired Speece in February 2002 to provide business development services and terminated his employment in September 2003. (Complaint ¶¶ 18, 28; Speece Answer ¶¶ 18, 28.) Plaintiff alleges that Speece resides in Castro Valley, California, and Speece admits he maintains a home there, but notes that he currently resides in Ohio. (Complaint ¶ 7; Speece Counterclaim ¶ 2.) Speece provides sales services to Entech from an office in Cleveland, Ohio. (Brian Speece Decl. Supp. Entech's Mot. Dismiss ("Speece Decl.") at 1.) Saldanha previously worked at Entech, and PDI employed him in September 2002 as an engineer. (Complaint ¶ 24; Saldanha Answer ¶ 24.) Saldanha resigned in February 2004, (Complaint ¶ 30; Saldanha Answer ¶ 30), and plaintiff alleges that Saldanha resigned in response to solicitation by defendant Speece to work for Entech (Complaint ¶¶ 32-33).

While at PDI, Saldanha wrote source code for PDI's Display Tune product. (Complaint ¶ 27; Saldanha Answer ¶ 27.) Display Tune allows a user to set up and adjust the visual properties of a computer monitor through a graphical user interface rather than via more complex manual controls. (Complaint ¶ 10; Speece Counterclaim ¶ 10.) PDI alleges that Speece and Saldanha misappropriated source code from its Display Tunes product when they left, and contends that it has been incorporated into Entech's *soft* OSD product. (Complaint ¶ 1.) PDI claims that *soft* OSD provides comparable functionality as its Display Tune product. (Complaint ¶ 17.) On the other hand, Speece alleges that Display Tune was developed using unlicensed portions of source code and other resources of Entech that Saldanha had access to because of his earlier work for Entech. (Speece Counterclaim ¶ 12.)

Entech filed a motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Entech alleges an absence of the requisite "minimum contacts" with California for general jurisdiction, claiming that it has no offices, employees, regular direct sales or other regular business activities in California. (Mot. at 3.) Entech further claims that any contacts it does have are inadequate for jurisdiction because they occur, for example, through an independent sales representative, Brian Speece, who operates from an office in Ohio. (*Id.* at

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-01261-PLF   Document 6-5   Filed 09/18/2006   Page 3 of 9

Not Reported in F.Supp.2d                                                                                               Page 2
Not Reported in F.Supp.2d, 2004 WL 1964506 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

4.) In addition, Entech contends that no specific jurisdiction exists because plaintiff has not alleged or shown that its claims against Entech arise from activities of Entech in California. (*Id.*) Entech argues that while plaintiff alleges that Entech's *soft* OSD product contains code copied from a PDI product, it fails to allege that the copying occurred as a result of any Entech activity in California or that Entech is selling *soft* OSD in California. Finally, Entech argues that plaintiff has not shown that an exercise of specific jurisdiction over Entech would be reasonable. (Mot. at 4-5.) Entech alleges that the burden of defending an action in California would be overwhelming because it is a small company located in Taiwan, and its principal witnesses are in Taiwan. (*Id.* at 5.)

**\*2** PDI responds that general jurisdiction over Entech exists, alleging that Entech has substantial and systematic contacts with California. PDI submits the following evidence and arguments in support of its claim: (1) Entech's website provides for sales and technical support of its products in California because the billing address fields include a drop-down menu for states that includes California; (2) Entech entered two software purchase agreements with PDI, a California-based company, that contain a clause designating California law as governing; (3) an Entech vice president of business development, Brian Speece, solicited sales of Entech products at a Flat Panel Display industry conference in San Diego, California; (4) Entech's website contains a list of some of its customers that include at least four California-based companies-Hewlett Packard, Intel, Nvidia and Pinnacle Systems; and (5) Entech's website lists a United States marketing office in Ohio. (Opp'n at 10-11.) PDI also claims that Entech employs a Californian citizen, Brian Speece. (*Id.* at 10.)

PDI argues alternatively that specific jurisdiction exists, claiming that the above allegations show that Entech purposefully availed itself of the privilege of doing business in California and PDI's claims would not have arisen but for Entech's activity in California. (*Id.* at 13-15.) PDI alleges that Speece and Saldanha-acting as Entech's agents-stole PDI's code in California, and Entech is distributing its infringing product in California. (*Id.* at 2; Compl. ¶ 9.) PDI further argues that an exercise of jurisdiction is reasonable in light of Entech's activities and presence of its affiliates in California, the state's interest in providing a remedy for its businesses, and the lack of an efficient and convenient alternative forum. (*Id.* at 11-12.)

II. ANALYSIS

1. Legal Standards

Plaintiff has the burden of establishing that the court has personal jurisdiction over a defendant. *See Rio Properties, Inc. v.. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir.2002); *Doe v.. Unocal Corp.,* 248 F.3d 915, 923 (9th Cir.2001). When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of the jurisdictional facts to withstand the motion. *Unocal,* 248 F.3d at 922. In order to make a prima facie showing, plaintiff must allege facts which, if true, would be sufficient to establish personal jurisdiction. *Id.* If not directly controverted, plaintiff's version of the facts is taken as true for the purposes of the motion. *Id.* Conflicts between the facts stated in the parties' affidavits must be resolved in plaintiff's favor during a prima facie jurisdictional analysis. *Dole Food Co., Inc. v. Watts* 303 F.3d 1104, 1108 (9th Cir.2002).

The court may obtain personal jurisdiction over a defendant if it finds that either general or specific jurisdiction exists. General jurisdiction requires that defendant engage in "systematic and continuous contacts" with California. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). The result is the foreign defendant is subject to suit within the forum state even on matters unrelated to its contacts to the forum. *Unocal,* 248 F .3d at 923. The standard for establishing general jurisdiction is "fairly high," requiring defendant's contacts in the state be of a sort that "approximate physical presence" within the forum state. *Bancroft & Masters, Inc. v. Augusta National, Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Conceptually, plaintiff must establish defendant has been conducting business in California, not merely with California. *See Bancroft,* 223 F.3d at 1086.

**\*3** Specific jurisdiction is appropriate when a foreign

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-01261-PLF    Document 6-5    Filed 09/18/2006    Page 4 of 9

Not Reported in F.Supp.2d                                                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 1964506 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

defendant's less substantial contacts with the forum give rise to the causes of action in the suit. *Hanson v. Denckla,* 357 U.S. 235, 250 (1958). The Ninth Circuit evaluates three criteria to determine whether specific jurisdiction exists. *See e.g. McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 816 (9th Cir.1988); *Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.* 828 F.2d 1439, 1442 (9th Cir.1987).

First, the defendant must make a contact with the forum state that constitutes a purposeful availment. *McGlinchy,* 845 F.2d at 816. This requirement aims to ensure that a defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.* 784 F.2d 1392, 1397 (9th Cir.1986) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985)). Consequently, physical contact is not a necessary condition and "purposeful direction" of an out of out-of-state act with in-state effects may suffice. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.* 328 F.3d 1122, 1130 (9th Cir.2003); *See also Burger King,* 471 U.S. at 476; *Calder v. Jones,* 465 U.S. 783, 789-790 (1984). The "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered there. *Dole,* 303 F.3d at 1111.

Second, the litigation must arise out of that contact with the forum state. *McGlinchy,* 845 F.2d at 816. The Ninth Circuit's test for the "arise out of" prong is a "but for" test. *Unocal,* 248 F.3d at 924. The court asks whether the action would exist but for the contacts.

Third, the exercise of jurisdiction must be reasonable. *McGlinchy,* 845 F.2d at 816. A lesser showing of contacts with the forum may be sufficient if considerations of reasonableness so require. *Haisten,* 784 F.2d at 1397. Seven factors are considered in assessing reasonableness of jurisdiction: (1) the extent of defendant's purposeful interjection into the forum; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the issue; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to plaintiff's interest in convenient and fair relief; and (7) the existence of an alternate forum. *Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.* 828 F.2d 1439, 1442 (9th Cir.1987).

2. General Jurisdiction

Whether defendant Entech is subject to general jurisdiction in California raises a close question based on the evidence before the court. Entech is not incorporated in California, nor does it maintain a physical place of business in California. However, plaintiff contends that Entech meets the systematic and continuous contacts test for general jurisdiction. Plaintiff alleges that Entech employs Speece, who is a California citizen, and that Entech has engaged in active solicitation and participation in California's markets. (Opp. at 10-11.)

**\*4** Defendant maintains that Speece and Saldanha are not employees of Entech. A press release issued by defendant shortly after this suit was filed, however, states that Speece and Saldanha are Entech employees. (Christopher Wanger Decl. Opp. Entech's Mot. Dismiss ("Wanger Decl."), Ex. B.) Speece has also represented himself as "Vice President, Business Development" for "EnTech Taiwan." (Chris Connery Decl. Opp. Entech's Mot. Dismiss ("Connery Decl.") ¶¶ 5-6, Ex. A.) As there is conflicting evidence regarding the relationship between Speece and Entech, for purposes of this motion the court accepts plaintiff's allegations as true.

Speece declares that he is a resident of Cleveland, Ohio, (Speece Decl. ¶ 1), but also states that he maintains a home in California. (Speece Counterclaim ¶ 2.) The complaint, meanwhile, alleges that Speece resides in Castro Valley, California. (Compl.¶ 7.) "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir.2001) (discussing state citizenship in the context of diversity jurisdiction). Although it appears that Speece may be a citizen of the state of California, (Barbara Gain Decl. Opp. Entech's Mot. Dismiss ("Gain Decl.") ¶¶ 3-6), plaintiff's complaint fails to make such an allegation.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1964506 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Case 1:06-cv-01261-PLF    Document 6-5    Filed 09/18/2006    Page 5 of 9

Page 4

Moreover, Speece's ownership of a house in California cannot be a basis for a finding of Entech's presence in California in light of the evidence from both parties that suggest he works for Entech out of an office in Ohio. (Wanger Decl., Exh B; Connery Decl., Exh. A; Speece Decl. ¶ 1.)

Plaintiff alleges that Entech operates an interactive website from which California residents may purchase Entech products. For a party's website to form an adequate basis for general jurisdiction, the party must clearly do business over the internet and the internet business contacts with the forum state must be "substantial" or "continuous and systematic". *See Gator.com Corp. v. L.L. Bean,* 341 F.3d 1072, 1079-1080 (9th Cir.2003). The nature of the online commercial activity must be substantial enough that it approximates physical presence. *Id.* at 1080 (citing *Bancroft,* 23 F.3d at 1086). In *L.L. Bean,* for instance, the court found that the defendant's contacts with California through its virtual store met the standard for general jurisdiction because the website was highly interactive and extensive and millions of dollars worth of sales were driven by online commercial activity. *Id.* In 2000, defendant's website sales accounted for 200 million or 16% of total sales, and 6% of its sales came from mail, toll-free telephone number and website orders from California. *Id.* at 1074.

In this case, defendant contends its business contacts with California are *de minimis.* There is no direct evidence before the court of the volume of plaintiff's internet-based or other sales in California. However, plaintiff notes that defendant has entered into at least two separate license agreements with PDI which are governed by California law. (J. Michael James Decl. Opp. Entech's Mot. Dismiss ("James Decl.") ¶¶ 2-4, Exhs. A, B). Further, at least four of Entech's customers, Hewlett Packard, Intel, Nvidia and Pinnacle Systems, maintain their principal place of business in California. (Wanger Decl. Ex. C.) In addition, plaintiff presents evidence that Speece attended a Flat Panel Display Conference in San Diego, and that Speece was demonstrating *soft* OSD for conference attendees as part of defendant's efforts to market *soft* OSD in California. (Connery Decl. ¶¶ 4-7, Ex. A.)

*****5** Although Speece's attendance and marketing of Entech's products at a single conference in California does not show systematic and continuous sales activity, *see Congoleum Corp. v. DLW Aktiengesellschaft,* 729 F.2d 1240, 1242-43 (9th Cir.1984) (finding no general jurisdiction over a German corporation where a third-party consultant promoted products to potential customers through the mail and showroom displays and attended trade shows and sales meetings for corporation in forum), plaintiff's evidence of the interactivity of Entech's website and Entech's customers list that includes several large California companies raises a strong possibility that general jurisdiction exists. However, the court does not find that plaintiff's factual claims and the evidence before it of Entech's activities in California, considered together, satisfy the requisite standard for general jurisdiction. Nonetheless, the court declines to grant discovery on this matter in light of its decision related to specific jurisdiction.[FN1]

> FN1. The district court has broad discretion to grant discovery where pertinent facts bearing on jurisdiction are controverted or where a more satisfactory showing of facts is necessary. *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir.1977).

3. Specific Jurisdiction

Defendant contends that no sufficient basis for specific jurisdiction over Entech exists, arguing that plaintiff has not established any of the three required conditions. (Mot. at 4.) Defendant argues that plaintiff cannot show (1) that defendant purposefully availed itself of the privileges of conducting business in California, (2) that its claims arise out of any Entech activity in California, or (3) that jurisdiction over Entech is reasonable. (*Id.*)

Plaintiff's complaint and affidavits together allege facts about Entech's purposeful activities in California from which its cause of action arises. Specifically, plaintiff claims injury from the following actions of Entech: (1) Entech's co-defendants, acting as agents of Entech, stole the source code for its Display Tunes product while in California; (2) Entech reproduces, markets and distributes the *soft* OSD product

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-01261-PLF    Document 6-5    Filed 09/18/2006    Page 6 of 9

Not Reported in F.Supp.2d                                                                                                                Page 5
Not Reported in F.Supp.2d, 2004 WL 1964506 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

in California that infringes PDI's copyright; and (3) Entech's agent misappropriated confidential customer lists and pricing information of PDI in California and Entech is using them in its sales and marketing in California. (Opp. at 2; Compl. ¶ 9.)

a. Purposeful Availment

The alleged misappropriation of PDI property by Entech agents and Entech's alleged use of it amount to "purposeful direction" of activities at the forum under the "effects" test. *See Panavision Int'l L.P. v. Toeppen,* 141 F.3d 1316, 1321 (9th Cir.1998) (finding purposeful availment under the effects test where Illinois defendant harmed plaintiff located in California by registering plaintiff's trademark as domain name to extort payment for sale of the domain name). Plaintiff alleges that Entech intentionally authorized the improper theft of plaintiff's trade secret and copyrighted code, and then incorporated the code into Entech's *soft* OSD product. In addition, plaintiff alleges that Entech authorized misappropriation and improper use of PDI's confidential customer and pricing information for sales and marketing. Since the alleged misappropriation occurred in California, and the property of a California-based company was the subject of the alleged infringing use, Entech's actions were aimed at California. *See Bancroft,* 223 F.3d at 1087 ("the [express aiming] requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.") Further, since PDI's primary place of business is in California, the condition that defendant know that the harm of the alleged misappropriation and infringing activity is likely to be felt in California is also satisfied. *See Dole,* 303 F.3d at 1113-1114 (using a company's principal place of business in determining the location of corporate injury).

**\*6** The alleged marketing and sale of *soft* OSD also supports a finding of purposeful availment. *See Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir.1988) ("In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."); *see also International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement,* 326 U.S. 310, 313-14, 320 (1945) (finding jurisdiction over a shoe company whose purposeful contacts with forum state were limited to salesmen exhibiting and marketing company's products). Plaintiff has submitted evidence of Speece's attendance and marketing at a trade show in California and of PDI's internet based promotional and sales activity.[FN2] In light of the alleged misappropriation, sales and marketing activity by Entech in California, plaintiff has satisfied the purposeful availment prong for specific jurisdiction.

> FN2. The declaration about Speece's activities at the trade show does not explicitly mention that he marketed the *soft* OSD product but states that Speece demonstrated a product that he claimed compared to PDI's Display Tune. From the evidence submitted of PDI's web-site, the *soft* OSD product is clearly advertised, but it is unclear whether *soft* OSD can be purchased online along with the other products that use the billing form that allows for Californian sales. Nonetheless, since plaintiff need only make a prima facie case for jurisdiction, these ambiguities are resolved in plaintiff's favor.

b. Plaintiff's Claims and Defendant's Forum Activities

In *Panavision* the court found the "but for" condition satisfied where defendant's wrongful conduct was targeted at a California plaintiff who suffered the injury there. *Panavision,* 141 F.3d at 1322. Plaintiff claims that Entech's alleged theft in California of its Display Tune code and distribution of Entech's *soft* OSD product infringes certain PDI copyrights, and that Entech is using proprietary information of PDI in marketing and sales in California. But for the injury that PDI, a California-based company, suffered in California from Entech's agents' alleged misappropriation and infringing activity directed at it, plaintiff would not have a cause of action against Entech. Therefore, PDI's copyright infringement, misappropriation of trade secrets and related causes of action against Entech arise out of Entech's alleged activities

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

directed at California, and plaintiff has satisfied the second prong for specific jurisdiction.[FN3]

> FN3. The fact that distribution of the allegedly infringing product may be dispersed globally does not prevent a finding that PDI's claims arise out of Entech's activities in California. *See generally Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 773-774 (1984) (finding jurisdiction based on distribution of defendant's magazines in New Hampshire for a libel suit that could provide for damages resulting from nationwide sales). In *Panavision,* the court described the Seventh Circuit's decision to hold the Baltimore CFL Colts team subject to personal jurisdiction for a trademark infringement suit in Indiana when its only entry into Indiana had been *nationwide* broadcasting of its games. *Panavision,* 141 F.3d at 1322 (citing *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club Ltd. Partnership,* 34 F.3d 410 (7th Cir.1994)). Jurisdiction was found because the Indianapolis Colts primarily used their trademark in Indiana and the alleged infringing injury was likely to be suffered there. *Id.*

c. Reasonableness of jurisdiction

In arguing that an exercise of jurisdiction is unreasonable, defendant primarily relies on the factor of the burden of litigation in California for a Taiwanese company with a single office in Taiwan. (Mot. at 5.) Of the seven factors considered in an assessment of reasonableness of jurisdiction, no single factor is dispositive and a court must balance all seven. *Cor-vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1488 (9th Cir.1993). Inconvenience to a defendant will only overcome clear justifications for the exercise of jurisdiction if the burden is so great as to violate due process. *Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128-129 (9th Cir.1995). Once plaintiff has established purposeful availment and shown that its claims arise out of defendant's purposeful contacts, defendant must present a compelling case of the unreasonableness of jurisdiction in order to defeat jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.2004); *Dole,* 303 F.3d at 1116 (emphasizing the heaviness of defendant's burden in overcoming the strong presumption of the reasonableness of jurisdiction).

*7 The first factor of the scope of defendant's purposeful interjection into the forum state favors jurisdiction because, as described above, Entech's alleged wrongful activities were directed at California. *See Sinatra,* 854 F.2d at 1199 ("The factor of purposeful interjection is analogous to the purposeful direction analysis discussed above").

Entech's status as a foreign company tends to weight the second factor of defendant's burden of litigation in its favor. *See Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 114 (1987). However, "[w]hen minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Id.* In Asahi, the remaining parties were both foreign and the transaction between them at issue occurred abroad. *Id.* at 106. Consequently the court found that the forum and plaintiff's interests failed to counter the burden to defendant. *Id.* at 114-116. Moreover, in evaluating the burden of litigation on a foreign defendant, the Ninth Circuit has noted that advances in communications and transportation have reduced the burden for foreign defendants. *See Dole,* 303 F.3d at 1115 (citing *Sinatra,* 854 F.2d at 1191). The Ninth Circuit has also treated the absence of a language barrier and the presence of an agent or office in the United States as factors mitigating the burden. *See Harris Rutsky,* 328 F.3d at 1133 (noting the absence of a language barrier for defendant fluent in English); *Cor-Vent,* 11 F.3d at 1488-89 (noting that lack of an agent or physical presence in the United States increases the burden for a foreign defendant); *Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir.1991).

Here, Entech maintains an office in the United States and defendant has not suggested that language poses any barrier. The requisite minimum contacts have also been established. Thus, although the burden factor favors defendant, its weight does not preclude consideration of plaintiff and the forum's interests.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-01261-PLF   Document 6-5   Filed 09/18/2006   Page 8 of 9

Not Reported in F.Supp.2d																			Page 7
Not Reported in F.Supp.2d, 2004 WL 1964506 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

The third factor, potential conflicts with another state's sovereignty, is given greater importance where the events giving rise to the suit occurred on the foreign state's territory. See *Harris Rutsky,* 328 F.3d at 1133 (finding sovereignty considerations cut against jurisdiction where alleged tortious conduct of British defendants occurred in London); *Atlantic Trading Co., Inc. v. M/V Main Exp.,* 758 F.2d 1325, 1330 (9th Cir.1985) (finding Malaysia's sovereign interest weighed against jurisdiction "since the contract was executed in Malaysia by Malaysian citizens on forms supplied by a Malaysian bank."). This factor has received less weight where the defendant maintains a continuous United States-based relationship. See *Sinatra,* 854 F.2d at 1200 (weighing sovereignty considerations less heavily where foreign defendant had a United States agent and regularly marketed in the United States).

**\*8** In this case, defendant has not argued that California sovereignty conflicts with another state's authority. In addition, the conduct giving rise to the suit occurred in California, and Entech maintains a continuous business relationship with the United States through its office in Ohio and its marketing activities. Additionally, Entech's list of customers includes several large American and Californian companies. (Wanger Decl., Exh. C.) Consequently, this factor weighs in favor of plaintiff.

The fourth factor requires consideration of California's interest in adjudicating the issue. California has a strong interest in providing a forum and effective means of redress to its residents who are tortiously injured. *Dole,* 303 F.3d at 1115-1116; *Core-Vent,* 11 F.3d at 1489. Since PDI is headquartered in California, and the majority of allegations involve actions taken in California, this factor weighs in favor of jurisdiction.

The fifth factor calls for an evaluation of the efficiency of alternative forums. Usually, the site where the injury occurred and where the evidence is located will be the most efficient forum. *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 852 (9th Cir.1993). Plaintiff claims that much of the evidence it will use to support its claims and many of the primary witnesses are located in California. (Opp. at 12.) Defendant claims that people who would be its principal witnesses are located in Taiwan. (Mot. at 5.) Thus, a consideration of the location of evidence by itself does not largely favor one forum over the other. However, this court has jurisdiction over the same and closely related claims against Entech's co-defendants. Judicial efficiency, therefore, is better served by simultaneous adjudication of the claims against Entech in California.

A consideration of the sixth factor, convenience to plaintiff, also favors jurisdiction, although plaintiff's convenience is not of paramount importance. See *Panavision,* 141 F.3d at 1324. A plaintiff will almost always prefer to try a case at home. *Harris Rutsky,* 328 F.3d at 1133. Since PDI is located in California, whatever weight this factor carries falls in its favor. See *Cubbage v. Merchant,* 744 F.2d 665, 672 (9th Cir.1984) (finding jurisdiction of California court favored where plaintiff is a California resident)

On the seventh factor of availability of an alternative forum, plaintiff asserts that none exists but does not provide any reasons or evidence to support this claim. Defendant is silent on whether an alternative forum exists. The court finds there is insufficient evidence on which to make a finding regarding the availability of an alternative forum. The plaintiff bears the burden of showing the absence of an alternative forum. *Harris Rutsky,* 328 F.3d at 1133-1134. *But see Dole,* 303 F.3d at 1116 (recognizing but declining to resolve split in case law as to whether defendant or plaintiff bears the burden on this factor). Because plaintiff has failed to show the absence of an alternative forum, this factor favors defendant slightly.

**\*9** Considering each of these factors individually and together, the court is satisfied that exercising jurisdiction in this case is reasonable.

### III. ORDER

For the foregoing reasons, the court denies Entech's motion to dismiss for lack of personal jurisdiction.

Each party's counsel is responsible for ensuring that co-counsel receives a copy of this order if co-counsel has not registered for e-filing pursuant to the court's CM/ECF program.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-01261-PLF    Document 6-5    Filed 09/18/2006    Page 9 of 9

Not Reported in F.Supp.2d                                                Page 8
Not Reported in F.Supp.2d, 2004 WL 1964506 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

N.D.Cal.,2004.
Portrait Displays, Inc. v. Speece
Not Reported in F.Supp.2d, 2004 WL 1964506 (N.D.Cal.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2613406 (Trial Motion, Memorandum and Affidavit) Counterclaimant Bryan Speece's Objections to and Motion to Strike New Evidence Submitted in Support of Plaintiff's Motion for Summary Judgment (Aug. 5, 2005) Original Image of this Document (PDF)
• 5:04cv01501 (Docket) (Apr. 16, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.