# EXHIBIT 6

Westlaw.

Not Reported in F.Supp.                                                                                    Page 1
Not Reported in F.Supp., 1997 WL 112839 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

C

Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.

FLUID MANAGEMENT LIMITED PARTNERSHIP, an Illinois Limited Partnership, Plaintiff,
v.
H.E.R.O. INDUSTRIES, LTD., a Canadian Corporation, Fast America, a New Jersey Corporation and Fast SpA, an Italian Corporation, Defendants.
**No. 95 C 5604.**

March 11, 1997.

*MEMORANDUM OPINION AND ORDER*
MAROVICH, District Judge.
**\*1** Plaintiff Fluid Management Limited Partnership ("Fluid Management") filed this action against Defendants H.E.R.O. Industries, Ltd. ("H.E.R.O."), FAST AMERICA, Inc. ("Fast America") and FAST SpA ("Fast Italy"), alleging various claims of patent infringement, trademark infringement, and unfair competition. Fast America and Fast Italy (collectively "Defendants") now move the Court to dismiss the Complaint for improper venue pursuant to Fed.R.Civ.P. 12(b)(2) and (3) or, in the alternative, to transfer the action to the District Court of New Jersey in the interest of justice and for the convenience of the parties and the witnesses. H.E.R.O. has not joined in the present motion.FN1 For the reasons set forth below, this Court grants Defendants' motion to dismiss for improper venue.

    FN1. Defendant H.E.R.O. has answered the present Complaint.

*BACKGROUND*

Fluid Management is an Illinois manufacturer and distributor with its principal place of business in Wheeling, Illinois.

Fast America is a New Jersey corporation with its only office and place of business in Ewing, New Jersey. It was started in 1994 for the purpose of selling in the United States the products of Fast Italy, an Italian corporation with its principal place of business in Milan, Italy. Fast Italy produces and distributes equipment for mixing and dispensing paint and paint colorants; other than supplying products to Fast America, Fast Italy conducts no other business in the United States. Both Fast Italy and Fast America are wholly owned subsidiaries of Gecofin, another Italian corporation, and all three of these corporations are controlled by the family of Sergio Neri ("Neri"). Neri, a resident of New Jersey, is, and has been since its inception, the president and sole director of Fast America. Neri also has been, since 1990, a director of Fast Italy, and a director and shareholder of Gecofin.

Fluid Management holds the rights to United States Patent No. 5,078,302 (the "302 Patent"), "Paint Dispensing Apparatus", used for coloring paint-base material. The fully automatic device dispenses colorant into a paint-base product to achieve a desired color, thereby allowing a paint retailer to avoid having to maintain a separate inventory for numerous colors of paint. Fluid Management asserts that Fast America, Fast Italy, and their Canadian distributor, H.E.R.O, which is licensed to sell Fast products within the United States, have infringed on this patent with a product that they have advertised and marketed in the United States called the "Leonardo." The Leonardo is a decorative paint colorant dispenser, approximately the size of a refrigerator.

Neither Fast Italy nor Fast America are licensed to do business in Illinois, own or lease an office or place of business in Illinois, have any employees or salespeople in Illinois, or have any bank accounts or telephone listings in Illinois. Fast America has not made any sales of the allegedly infringing Leonardo device in Illinois, or anywhere in the United States. With the exception of a sale of paint can lids for a total price of $538.10 sold to a Fast America client in Ohio in May 1995, but shipped to an address in Illinois, Fast America has not made any sales in or to Illinois.

**\*2** Fast America's alleged contact with Illinois primarily stems from its participation in the National Decorating Products Association trade show ("NDPA trade show") held in Chicago, Illinois in September

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 112839 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

1995. The NDPA trade show is an annual event and provides manufacturers of paint and decorating products the opportunity to display their products and interact with other members of the industry. At the NDPA trade show, Fast America displayed two Leonardo devices in their exhibit booth, along with other Fast products. These displayed products were presented and arguably demonstrated with numerous attendees.

Prior to the NDPA show, Neri wrote to a number of prospective attendees. In one letter, to United Coatings, an Illinois distributor, Neri stated "We are an established manufacturer of paint mixing and paint dispensing equipment with facilities worldwide. We have been in business for over 30 years and recently opened a branch in Princeton, New Jersey." Neri invited the representative to "visit our booth [at the trade show] ... so that we can demonstrate our products and discuss how Fast America, Inc. can best serve your mixing/dispensing equipment needs." (Pl.'s Ex. 3). Brochures illustrating and describing the Leonardos were distributed at the Fast booth, and an advertisement, including a toll-free number, was on the inside cover of the trade show program book. Fast America discussed their products with several attendees at the trade show, two of which left business cards. Following the show, Fast America sent letters to the two Illinois businesses which had left their business cards, and forwarded brochures of Fast equipment to them.

Fast America's other alleged contact with Illinois includes sending a sample of free paint can lids to one business in Niles, Illinois and adverting Fast equipment in *Decorating Retailer*, a trade magazine published monthly by the National Decorating Products Association for the decorating products industry.

In their present motion, both Fast America and Fast Italy claim that their respective relationships to Illinois are too attenuated to justify the exercise of this Court's jurisdiction. Specifically, they argue that Fast America's only contact was Illinois was its attendance at the NDPA show, where it made no sales and took no order for sales, and that Fast Italy's only contact with the United States is shipping its products to Fast America in New Jersey. Fluid Management, however, contends that Fast America and Fast Italy have unified ownership and control and are organized and operate as an integrated single entity-"Fast", and further that Defendants' contacts with Illinois do permit this Court to exercise jurisdiction over them.

*DISCUSSION*

A. *Venue is Improper in this Judicial District*

A patent infringement action "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Defendants here have no "regular and established business" in Illinois, a point that is not contested by Fluid Management. The question, therefore, is whether, for § 1400(b) purposes, Fast America and Fast Italy "reside" in the Northern District of Illinois.

**\*3** The term "resides" as used in § 1400(b) is construed in conjunction with the general venue statute, 28 U.S.C. § 1391(c). *VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed.Cir.1990), cert. denied, 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991).* Pursuant to § 1391(c), a corporate defendant resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *Id.* Thus, to establish proper venue in this case, Fluid Management must show that Defendants are amenable to personal jurisdiction in this Court. *See North* Am. *Philips Corp. v. American Vending Sales, Inc., 35 F.3d 1576, 1577 n. 1 (Fed.Cir.1994)* ("The venue issue is subsumed in the personal jurisdiction issue.").

A federal district court in Illinois has personal jurisdiction over a non-resident party "only if an Illinois state court could have such jurisdiction." *Branden Shielding Sys. v. Shielding Dynamics, 812 F.Supp. 819, 822 (N.D.Ill.1992).* The burden of demonstrating the existence of personal jurisdiction rests with the plaintiff. *McIlwee v. ADM Indus., 17 F.3d 222, 223 (7th Cir.1994).* To assert personal jurisdiction over a non-resident defendant, both the Illinois long-arm statute and constitutional due process standards must be satisfied. *Id.*

Not Reported in F.Supp., 1997 WL 112839 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Under Illinois' long-arm statute, non-resident defendants are subject to personal jurisdiction if they meet any of the conditions enumerated in the statute. 735 ILCS § 5/2-209. For example, the statute vests an Illinois court with power over a defendant "as to any cause of action arising from ... the transaction of business" in Illinois, or from the "commission of a tortious act" in Illinois. 735 ILCS § 5/2-209(a)(1) and (2). In addition, a court may exercise jurisdiction on any other basis permitted by the Illinois or United States Constitutions. 735 ILCS § 5/2-209(c). The effect of this provision of the statute is that the reach of the Illinois long-arm statute extends to the limits of federal due process. *Dehmlow v. Austin Fireworks, 963 F.2d 941, 945 (7th Cir.1992)*; *FMC Corp. v. Varonos, 892 F.2d 1308, 1311 n. 5 (7th Cir.1990)*.

Fluid Management contends that the exercise of jurisdiction over Defendants is permissible under § 2-209(a)(2)-because Defendants have committed patent infringement within Illinois-, or § 2-209(c)-because jurisdiction is permitted under the Illinois and United States Constitution. On the facts of this case as pled, however, the Court finds that the exercise of personal jurisdiction over Fast America and Fast Italy is improper.

### 1. *"Tortious Act"*

Fluid Management argues that Fast America and Fast Italy are subject to personal jurisdiction pursuant to § 2-209(a)(2) of the Illinois long-arm statute because they committed a tortious act within the state-the alleged patent infringement pursuant to 35 U.S.C. § 271(a). It is well-established that infringement of a patent constitutes tortious activity. *See, e.g., Energy Absorption Sys., Inc. v. Roadway Safety Serv., Inc., 1994 WL 33966, at *2 (N.D.Ill. Feb.4, 1994)*. Thus, the exercise of personal jurisdiction over the defendants satisfies § 2-209(a)(2) of the long-arm statute provided that they could be deemed to have committed an act of infringement in Illinois.

**\*4** Pursuant to 35 U.S.C. § 271(a), "whoever without authority makes, uses or sells any patented invention, within the United States during the time of the patent therefor, infringes the patent." Although it is undisputed that no Leonardos have been sold anywhere in the United States, Fluid Management argues that Defendants' presence and display of the Leonardo at the NDPA trade show, coupled with their attempted solicitation in Illinois is sufficient to constitute an "act of infringement." (Pl.'s Opp'n Mem. at 12-13). This Court disagrees.

Courts have held that "the mere demonstration or display of an accused product, even in an obviously commercial atmosphere" is not an act of infringement within the ambit of § 271(a). *Intermedics, Inc. v. Ventritex, Inc., 775 F.Supp. 1269, 1286 (N.D.Cal.1991)*, *aff'd, 991 F.2d 808, 1100 (Fed.Cir.1993)* (referring to the demonstration of an accused product at a scientific trade show); *see Bradshaw v. Igloo Prods. Corp., 912 F.Supp. 1088, 1011 (N.D.Ill.1996)*; *Knapp-Monarch Co. v. Casco Prods., 342 F.2d 622, 626 (7th Cir.)*, *cert. denied, 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73 (1965)*; *Brennan v. Mr. Hanger, Inc., 479 F.Supp. 1215 (S.D.N.Y.1979)*. Furthermore, "in cases directly addressing the question of whether promotional activity involving an infringing device, but not culminating into a sale of the infringing device, constitutes a violative 'use' under [ ] § 271(a), courts have generally held to the contrary." *Bradshaw, 912 F.Supp. at 1100*.

In *Intermedics,* the court was asked to determine whether the defendant's acts, including the demonstration of the accused device at a trade show, was an act of infringement under § 271(a). The *Intermedics* court's discussion regarding the trade show demonstration is particularly helpful in the instant case:

All of the cases which plaintiff cites in support of the assertion that trade show demonstrations can constitute acts of infringement under § 271(a) were concerned with defining "acts of infringement" in the context of deciding whether venue was proper.

[E]ven those cases which apply the less strict standard for "acts of infringement" applicable to venue disputes have generally required not only demonstration of the accused device, but also some other activity *culminating in a sale of that device* as a prerequisite to formally resolving the venue issue.

From these cases and others, we conclude that even under the less strict test of infringement applied to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

venue disputes, demonstration of an accused device does not constitute an act of infringement unless the "totality of the circumstances" also reveal concurrent "sales oriented" activity which results in, or at least substantially advances, *an actual sale of the accused device.* We conclude that the mere demonstration or display of an accused product, even in an obviously commercial atmosphere, does not constitute an infringing use under § 271(a).

775 F.Supp. at 1285-86 (citations omitted) (emphasis added)

**\*5** In this case, is undisputed that the display of the Leonardos at the NDPA show, even combined with Defendants' solicitation and limited sales-related activity, did not result in any sale, or sale order, of the Leonardos in this judicial district or elsewhere in the United States. Further, it appears that Defendants' actions in Illinois did not substantially advance an actual sale of the product. Thus, viewing the totality of the circumstances, the Court finds that Defendants' alleged acts of infringement in Illinois cannot form the basis for personal jurisdiction under § 2-209(a)(2).

### 2. Due Process

Even absent the commission of a tort in Illinois (or any other act specified in the long-arm statute), personal jurisdiction still can be obtained over Defendants if the constitutional due process requirements are satisfied. *Dupliatronics, Inc. v. Custom Tape Duplicators, Inc.,* 1993 WL 11854, at \*1 (N.D.Ill. Jan.15, 1993). However, Plaintiffs here have not shown that the exercise of jurisdiction over Defendants would comport with due process guarantees.

Federal due process requires that a court in Illinois exercise *in personam* jurisdiction over a defendant only if the defendant has " 'certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Id.* at \*2 (citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal citations omitted)). Such "minimum contacts" exist in two situations: when either the cause of action before the court

relates to or arises out of the defendant's contacts with that forum state, *see Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), or defendant has sufficient general contacts with the forum which, although unconnected to the cause of action, can be described as "contacts of a continuous and systematic nature." *Helicopteros Nacionales De Columbia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Moreover, a defendant must have purportedly directed his activities at residents of the forum state and the litigation results from those activities. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The principal factor in the analysis is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). A defendant may not be haled into a jurisdiction "solely as a result of random, fortuitous or attenuated contacts." *Burger King,* 471 U.S. 462, 471, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Applying these principles to the present action, this Court finds that it would be unreasonable to exercise jurisdiction over Fast America, a New Jersey corporation, and Fast Italy, an Italian corporation. First, Defendants' relationship to Illinois cannot be described as contacts of a continuous or systematic nature. It is apparent that neither Fast America nor Fast Italy reside, have a regular and established place of business, own any interest in real estate, or have a telephone listing, bank account or mailing address in Illinois. Defendants are not licensed to do business in Illinois or have any employees or salespeople in Illinois. The only sale that Fast America has made to Illinois was for paint can lids sold to a Fast America client in Ohio and shipped to Illinois. The paint can lids were sold for $538.10, representing less than one tenth of one percent of Fast America's yearly sales of over $678,227.00 in 1995.

**\*6** Fast America's contacts with Illinois arise from their display and arguable demonstration of their products at the NDPA trade show, which happened to be held in Chicago, and their presumable attempt to market their products, including the Leonardo, to several Illinois customers who were planning to attend

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 112839 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

and/or, did attend, the trade show. Significantly though, as discussed above, despite Fast America's limited efforts to promote their products in connection with the trade show, they did not make any sales (direct or indirect), or take any orders for sales, for any of their products at the trade show, nor have they sold any of the infringing devices in Illinois or elsewhere in the United States. Considering the nature and quality of these acts, this Court does not find that Fast America purposefully availed themselves of the privilege of conducting business within Illinois such that they should have reasonably anticipated that they might be haled into court in Illinois. *See World-Wide Volkswagen, 444 U.S. at 297; I.B. Diffusion L.P. v. Lands' End, Inc. v. Missbrenner,* 1995 WL 257871, at *2-3 (N.D. May 1, 1995); *cf Duplitronics,* 1993 WL 11854, at *2 (personal jurisdiction found in patent infringement case where defendants advertised in four publications distributed in Illinois, sent sales representatives into the state to market products, and sold goods to Illinois residents each year for three years)

Similarly, the Court does not find Fast America's listing in a national trade magazine to amount to purposeful contact with Illinois that satisfies due process guarantees, as Plaintiff contends. A listing in a trade magazine that finds its way into a forum state does not subject a defendant to personal jurisdiction in that state. *See Hall's Specialties, Inc. v. Schupbach,* 735 F.2d 214, 216 (7th Cir.1985) (no minimum contacts where seller of defective product advertised product in forum state magazine and sold the product to resident in that state); *see also Singletary v. B.R.X., Inc.,* 828 F.2d 1135, 1136-37 (5th Cir.1987) (insufficient jurisdictional contacts where defendant had de minimis sales in forum state and advertised in national trade magazine circulated in forum state); *Fidelity v. Cas. Co. v. Philadelphia Resins Corp.,* 766 F.2d 440, 446-47 (10th Cir.), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 853, 88 L.Ed.2d 893 (1985).

This Court concludes, therefore, that the facts of this case do not establish adequate minimum contacts such that the exercise of personal jurisdiction over Fast America in Illinois is consistent with fair play and substantial justice. [FN2] Accordingly, although Defendants may be subject to personal jurisdiction in New Jersey, where Fast America is located and

where Fast Italy ships its paint products, Defendants are not subject to personal jurisdiction in this district and thus, venue here is improper. *See* 28 U.S.C. § 1400(b); 28 U.S.C. § 1391(c).

> [FN2]. Fluid Management argues that Fast America's "department-like inter-relationships" with Fast Italy indicates, at a minimum, a principal-agent relationship between the two "Fast" companies and, thus, that Fast Italy's contacts with Illinois through its agent Fast America warrant this Court's exercise of jurisdiction over Fast Italy. Even if Plaintiff is correct, however, because Fast America's connections with Illinois are insufficient to establish personal jurisdiction over Fast America in this district, personal jurisdiction over Fast Italy likewise is lacking here.

B. *Motion to Transfer is Dismissed*

As an alternative to their motion to dismiss for lack of personal jurisdiction, Fast America and Fast Italy sought to transfer this case to the District of New Jersey. [FN3] However, because this Court lacks jurisdiction over the movants, the motion to transfer is dismissed as moot. [FN4]

> [FN3]. Transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates (1) that venue is proper in the transferor district; (2) that venue is proper in the transferee district; and (3) that the balance of convenience and the interests of justice strongly favor transfer. *Haymon v. Ply Gem Indus., Inc.,* 1996 WL 145845, at *1 (N.D.Ill. Mar.27, 1996); *Von Holdt, Sr. v. Husky v. Injection Molding Sys., Ltd.,* 887 F.Supp. 185, 188 (N.D.Ill.1995)

> [FN4]. Because Defendant H.E.R.O. has filed its Answer to Plaintiff's Complaint, this Court has jurisdiction over all matters in this action relating to H.E.R.O. Should Plaintiffs elect to-and be permitted to-refile their Complaint against Fast America and Fast Italy in New Jersey, it may be appropriate

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 112839 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Page 6

for this Court to transfer the remainder of this action to New Jersey at that time.

### CONCLUSION

**\*7** For the foregoing reasons, Fast America's and Fast Italy's motion to dismiss Plaintiff's Complaint for improper venue is granted. Fast America's and Fast Italy's alternative request for transfer of this action to the District Court of New Jersey is dismissed as moot.

N.D.Ill.,1997.
Fluid Management Ltd. Partnership v. H.E.R.O. Industries, Ltd.
Not Reported in F.Supp., 1997 WL 112839 (N.D.Ill.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.