# EXHIBIT 8

Not Reported in F.Supp.2d                                                                                                      Page 1
Not Reported in F.Supp.2d, 2000 WL 1027222 (M.D.Fla.), 55 U.S.P.Q.2d 1365
**(Cite as: Not Reported in F.Supp.2d)**

United States District Court,M.D. Florida.
GEODETIC SERVICES, INC., Plaintiff,
v.
METRONOR AS, Defendant.
**No. 6:98CV1416ORL19A.**

Filed Dec. 22, 1998.
Feb. 9, 2000.

Herbert L. Allen, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A. , Orlando, FL, USA, for Geodetic Services, Inc., a Delaware corporation, plaintiff.
Robert W. Duckworth, Holland & Knight, LLP, Orlando, FL, USA, George M. Sirilla, Heather Morin, Brian Siritzky, Lynn E. Eccleston, Pillsbury, Madison & Sutro, LLP, Washington, DC, Robert L. Wolter, Beusse, Brownlee, Bowdoin & Wolter, P.A., Orlando, FL, for Metronor AS, a Norwegian corporation, defendant.

ORDER

FAWSETT, J.

***1** This cause comes before the Court on the following matters:

(1) Defendant Metronor AS's Motion to Dismiss (Doc. No. 7, filed March 30, 1999); Defendant's Memorandum of Law in Support of Its Motion to Dismiss (Doc. No. 8, filed March 30, 1999); Plaintiff Geodetic Services, Inc.'s Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. No. 28, filed July 30, 1999);

(2) The Report and Recommendation of Magistrate Judge Karla R. Spaulding Recommending that the Court Grant Defendant's Motion to Dismiss (Doc. No. 53, filed November 1, 1999); Plaintiff's Objection to the Report and Recommendation (Doc. No. 54, filed November 17, 1999); and Defendant's Response to Plaintiff's Objection to the Report and Recommendation (Doc. No. 55, filed December 1, 1999).

In support of Defendant's motion to dismiss, Defendant filed the declarations of Oyvind Rotvold (Doc. No. 9) and Lars Lauritzsen (Doc. No. 47). *See also* (Doc. Nos. 43, 44 & 46). In support of Plaintiff's opposition to the motion to dismiss, Plaintiff filed the declarations of John D. Brown (Doc. No. 29), Walter Mittelholzer (Doc. No. 30), Dr. Jurgen Dold (Doc. No. 31), Michael J. Gunn (Doc. No. 32), Glen Cork (Doc. No. 33), and David Cohen (Doc. No. 34).

Based on the parties' written submissions, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's Motion to Dismiss be granted. *See* (Doc. No. 53). The Court will review the portions of the Report to which Plaintiff objected *de novo.*FN1 *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. In this regard, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" in the Report. *See* 28 U.S.C. § 636(b)(1).

> FN1. Plaintiff objected to the Report on November 17, 1999. *See* (Doc. No. 115). The Court notes that Plaintiff's objection to the Report was untimely. Nonetheless, the Court will review the Report pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff contends that the Report cites "the appropriate standards to be utilized by the Court, but [does] not properly apply such legal standards to the facts." (Doc. No. 54, at 1). Plaintiff also objects to the Magistrate Judge's consideration of the declaration of Lars Lauritzsen FN2 because the declaration was submitted contrary to the Court's order permitting Defendant "the opportunity to point out ... inaccuracies in Plaintiff's submission", and the declaration "is suspect." *See* (Doc. No. 54, at 2-6).

> FN2. Plaintiff did not file an objection to the Magistrate Judge's Order, (Doc. No. 42, filed August 16, 1999), which granted in part Defendant's motion to file a reply brief (Doc. No. 38). *See* 28 U.S.C. § 636(b)(1)(A).

Contrary to Plaintiff's contentions, the Magistrate Judge did draw all inferences from the facts in favor of GSI in concluding that Defendant "made sales presentations" at a trade conference in Orlando in 1997. *See* (Doc. No. 53, at 9). Even though "sales presentations" were made in Orlando, they were not directed to the State of Florida; rather, they were "fortuitous." The Magistrate Judge correctly noted that the fortuity of the sales presentations prevents them from amounting to the operation of or engage-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ment in "a business or business venture" under Florida law. *See* Fla. Stat. § 48.193(1)(a); *Insight Instruments, Inc. v. A.V.I.,* 44 F.Supp.2d 1269, 1272 (M.D.Fla.1999).

**\*2** Thus, the Court finds that the Magistrate Judge's thorough, well-reasoned opinion correctly states the facts and law applicable in this case. As a result, the Court adopts, affirms, and approves the Report, including its conclusion that Plaintiff's complaint must be dismissed because this Court does not have personal jurisdiction over Defendant Metronor AS under Florida's long-arm statute. *See* Fla. Stat. §§ 48.193(1) & (2).

Based on the foregoing, the Court rules as follows:

(1) The Report and Recommendation of Magistrate Judge Karla R. Spaulding Recommending that the Court Grant Defendant's Motion to Dismiss (Doc. No. 53, filed November 1, 1999) is ADOPTED, AFFIRMED, and APPROVED.

(2) Defendant Metronor AS's Motion to Dismiss (Doc. No. 7, filed March 30, 1999) is GRANTED.

REPORT AND RECOMMENDATION
SPAULDING, Magistrate J.
This cause came on for consideration without oral argument on the following motion filed herein:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 3
Not Reported in F.Supp.2d, 2000 WL 1027222 (M.D.Fla.), 55 U.S.P.Q.2d 1365
**(Cite as: Not Reported in F.Supp.2d)**

| | |
|---|---|
| MOTION: | MOTION FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION (Doc. No. 7) |
| FILED: | March 30, 1999 |
| THEREON it is RESPECTFULLY RECOMMENDED that the motion be GRANTED. | |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d Case 1:06-cv-01261-PLF    Document 6-9    Filed 09/18/2006    Page 5 of 8 Page 4
Not Reported in F.Supp.2d, 2000 WL 1027222 (M.D.Fla.), 55 U.S.P.Q.2d 1365
**(Cite as: Not Reported in F.Supp.2d)**

I. Procedural History.

Geodetic Services, Inc. ("Geodetic"), the plaintiff, filed a complaint seeking a declaratory judgment that United States Patent 5,805,287 (the " '287 patent") on a "Method and System for Geometry Measurement" is invalid and unenforceable and that Geodetic did not infringe the '287 patent. Geodetic alleged that the '287 patent is assigned to Metronor AS ("Metronor"), the defendant. (Doc. Nos. 1 & 6).

Metronor filed a motion to dismiss the complaint based on lack of personal jurisdiction and improper venue. (Doc. Nos. 7 & 8). Metronor, a Norwegian company, argued that it had no contacts with Florida and that no acts giving rise to this litigation occurred in Florida. Metronor supported its motion with the Declaration of Oyvind Rotvold, President of Metronor (Doc. No. 9), and the Declaration of Lars Lauritzsen, Marketing Director of Metronor. (Doc. No. 47).

Geodetic responded that Metronor participated in a trade show in Florida, where it demonstrated and offered to sell the photogrammetry measurement system that is the subject of this lawsuit. (Doc. No. 28). Geodetic also asserted that Metronor sent several cease and desist letters to Geodetic in Florida. In support of its response, Geodetic filed the declarations of John D. Brown (Doc. No. 29), Walter Mittelholzer (Doc. No. 30), Jürgen Dold (Doc. No. 31), Michael J. Gunn (Doc. No. 32), Glen Cork (Doc. No. 33) and David Cohen (Doc. No. 34).

The Honorable Patricia C. Fawsett, United States District Judge, referred the motion to dismiss to me to issue a report and recommendation. (Doc. No. 37).

II. Statement of Facts.

Metronor is incorporated in Norway. (Rotvold decl., ¶ 2). Its principal place of business is Nesbru, Norway. (*Id.,* ¶ 3). It has subsidiary sales offices and sales forces in Saarbrücken, Germany and in Southfield, Michigan. (*Id.*). It also has a satellite office in Fife, Washington. (*Id.*). Metronor's products and services are not sold or distributed in Florida. (*Id.*). No employee of Metronor lives or works in Florida. (*Id.*). Metronor does not solicit business or advertise in Florida. (*Id.,* ¶ 4). Metronor has not sought to do business in Florida, and it has not given demonstrations of its products or services at any customer locations in Florida. (Lauritzsen decl., ¶ 3(c)).

*3 For five days in July 1997, Lars Lauritzsen, who was then the President of Metronor, Inc., attended the 1997 Coordinate Measure Systems Committee conference ("CMSC") in Orlando, Florida. (Lauritzsen decl., ¶ 3(a)). Metronor exhibited its products at the CMSC, and Lauritzsen demonstrated Metronor's photogrammetry measurement system. (*Id.,* ¶ 3(b); Cohen decl., ¶ 3; Cork decl., ¶ 4; Gunn decl., ¶ 4). At the CMSC, Metronor distributed sales brochures to potential customers. (Dold decl., ¶ 5; Mittelholzer decl., ¶ 5; Gunn decl., ¶ 4). However, Metronor did not make any specific sales, contract, quotes or offers for its products or services during the conference. (Lauritzsen decl., ¶ 3(b)).

Beginning on October 14, 1998, Oyvind Rotvold, President of Metronor, directed the company's attorney to send letters to Geodetic notifying Geodetic that Metronor believed it was using an industrial photogrammetry measurement system that violated the '287 patent. (Rotvold decl., ex. B). Counsel sent four letters dated October 14, 1998, November 12, 1998, December 4, 1998 and December 7, 1998. (*Id.,* exs. B-E). The first two letters were addressed to Geodetic at its Melbourne, Florida address. (*Id.,* exs. B & C). The last two letters were addressed to Geodetic's attorneys in Orlando, Florida. (*Id.,* exs. D & E). Metronor also advised potential purchasers of photogrammetry measurement systems that such equipment sold by companies other than Metronor infringe Metronor's patent. (Brown decl., ¶¶ 4 & 5).

III. Standard of Review.

Magistrate Judge Elizabeth A. Jenkins succinctly summarized the burden of the parties and the standard of review of a motion to dismiss a patent case for lack of personal jurisdiction under Florida's long-arm statute in her opinion in *Structural Panels, Inc. v. Texas Aluminum Industries, Inc.,* 814 F.Supp. 1058 (M.D.Fla.1993). The pertinent portion of her opinion states as follows:

Where the court does not conduct a discretionary hearing on a motion to dismiss for lack of personal jurisdiction,

the plaintiff must establish a prima facie case of personal jurisdiction over the defendant by presenting "sufficient evidence to defeat a motion for directed verdict." *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir.1990). The court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by the defendant's affidavits. *Id.* at 855. Where there is conflicting evidence, the court must construe all reasonable inferences in favor of the plaintiff. *Id.*

Once the plaintiff pleads sufficient material facts to form a basis for in personam jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings. *Prentice v. Prentice Colour, Inc.,* 779 F.Supp. 578, 586 (M.D.Fla.1991). If the defendant sufficiently challenges plaintiff's assertions, then the plaintiff must affirmatively support its jurisdictional allegations and may not merely rely upon the factual allegations set forth in the complaint. *Id.* at 586.

**\*4** In order to determine whether the court may exercise personal jurisdiction over a nonresident defendant, the court must determine: (1) whether the state long-arm statute permits assertion of jurisdiction; and (2) whether sufficient "minimum contacts" exist to satisfy the due process requirements of the Fourteenth Amendment so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice" under *International Shoe Co. v. Washington,* 326 U.S. 310, 316 ... (1945)." [FN1]

> FN1. "[T]he Due Process Clause at issue for personal jurisdiction in a patent case is that of the Fifth Amendment, and not the Fourteenth." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1358 n.\* (Fed.Cir.1998).

814 F.Supp. at 1063-64.

When the applicable state long-arm statute does not extend jurisdiction to the full extent permitted by due process, the court must apply state law to determine whether personal jurisdiction exists. *Graphic Controls Corp. v. Utah Med. Prod., Inc.,* 149 F.3d 1382, 1386 (Fed.Cir.1998). "The Supreme Court of Florida has emphasized that, unlike in many jurisdictions, the Florida long-arm statute has not been construed as going to the limits of due process, and the jurisdictional analysis under the statute and the jurisdictional analysis under the federal constitution are distinct." *Milligan Elec. Co., Inc., v. Hudson Constr. Co.,* 886 F.Supp. 845, 848 (N.D.Fla.1995)(citing *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 500 (Fla.1989)).

IV. Analysis.

When, as in this case, jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, personal jurisdiction over the defendant must be determined by the state long-arm statute. *Structural Panels, Inc.,* 814 F.Supp. at 1064. Florida's long-arm statute is set forth in section 48.193, Florida Statutes. "In examining the Florida long-arm statute, the court must construe the statute as would the Florida Supreme Court, since the reach of the statute is a question of state law.... Florida's long-arm statute must be strictly construed, and the burden of proving facts which justify use of the statute is on the plaintiff." *Structural Panels, Inc.,* 814 F.Supp. at 1064.

Section 48.193(1) creates specific jurisdiction as a result of the acts of an agent of a defendant related to the facts underlying the lawsuit. *Polymers, Inc. v. Ultra Flo Filtration Systems, Inc.,* 33 F.Supp.2d 1008, 1011 (M.D.Fla.1998). Section 48.193(2) creates general jurisdiction based on the defendant's contacts with Florida, whether or not the contracts are related to the lawsuit. Geodetic asserted that the Court can exercise specific jurisdiction over Metronor under section 48.193(1)(a).

*A. Conducting Business in Florida-Section 48.193(1)(a).*

Section 49.193(1)(a) provides as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
**\*5** (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

The evidence established that Metronor does not have an office or agency in Florida. Therefore, section 48.193(1)(a) will apply to Metronor only if it carried on a business or business venture in Florida. "In order to estab-

lish that a non-resident defendant is carrying on a business or business venture in Florida, '[t]he activities of the [defendant] sought to be served ... must be considered collectively and show a general course of business activity in the State for pecuniary benefit.' " *Musiker v. Projectavision, Inc.,* 960 F.Supp. 292, 295 (S.D.Fla.1997)(quoting *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626 (11th Cir.1996)).

Geodetic based its assertion that Metronor engaged in a regular course of business activity in Florida on the following three acts: (1) Metronor attended a single trade conference in Florida, where it offered its products for sale; (2) Metronor sent four cease and desist letters to Geodetic and its counsel in Florida; and, (3) Metronor advised potential customers of Geodetic that photogrammetry measurement systems sold by companies other than Metronor infringed Metronor's patent in an effort to interfere with Geodetic's business relationships. These acts do not establish that Metronor engaged in a general course of business activity in Florida.

There is no evidence that Metronor suggested or directed that the CMSC conference be held in Florida. Therefore, the facts do not support a finding that Metronor purposely directed its sales efforts to Florida by attending a single trade conference that was held, fortuitously, in Florida. Cf. *Insight Instruments, Inc. v. A.V.I.-Advanced Visual Instruments,* 44 F.Supp.2d 1269, 1272 (M.D.Fla.1999)(Noting, in dictum, that a course of business activity must involve "more than mere fortuity.").

Similarly, sending cease and desist letters to an alleged infringer do not support a finding that a defendant engaged in a general course of business activity in the state in which the alleged infringer resides. *Insight Instruments, Inc.,* 44 F.Supp.2d at 1272; *Polymers, Inc.,* 33 F.Supp.2d at 1014. For instance, in *Intercontinental Corp. v. Orlando Regional Medical Center, Inc.,* 586 So.2d 1191 (Fla. 5th Dist. Ct.App.1991), the court concluded that letters and telephone calls by the defendant to a Florida-based corporation in an effort to resolve a legal dispute did not constitute "doing business" in Florida. Rather, the court found that the Defendants were engaged in business ventures in their states of incorporation "that from time to time entailed communication with at least one Florida hospital." *Id.* at 1195.

Finally, Geodetic cited two documents in support of its assertion that Metronor was engaged in a campaign to interfere with its business relationships. In one of these documents, a buyer for Boeing Commercial Airplane Group ("Boeing") in Wichita, Kansas told Geodetic, "It has been brought to our attention that one of the companies involved in the bidding activity, Metronor, Inc., has raised concerns about possible patent infringement activity if Boeing were to purchase the subject Real Time Photogrammetry System from a supplier other than them." (Doc. No. 29, ex. 1). The writer and recipient of the second document are not identified. The document purports to quote a letter from Rotvold commenting on a purchase of Geodetic equipment by GKN. In the letter, Rotvold cautioned GKN's lawyers to consider whether the equipment they were purchasing infringed Metronor's patent. (Doc. No. 29, ex. 4).

***6** Both of these documents indicate only that Metronor notified purchasers and potential purchasers of Geodetic's products of possible patent infringement issues. "Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Red Wing Shoe Co.,* 148 F.3d at 1360-61. Therefore, these letters to do support Geodetic's argument that Metronor engaged in a course of business activity in Florida.

Considering the evidence of Metronor's contacts with Florida collectively, I find that Metronor has not engaged in a course of business activity in Florida sufficient to permit the Court to exercise personal jurisdiction under section 48.193(1)(a).

*B. Substantial and Not Isolated Contacts-Section 48.193(2).*

Section 48.193(2) provides that a court may exercise personal jurisdiction over a nonresident defendant who has substantial and not isolated contacts with Florida, even if those contacts are unrelated to the issues in the pending case. Geodetic did not argue that the Court could exercise general jurisdiction over Metronor.

"Sporadic activities or visits will not constitute 'substantial and not isolated activity.' " *Price v. Point Marine, Inc.,* 610 So.2d 1339, 1341 (Fla. 1st Dist.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Ct.App.1992). In *Price,* the court found that a defendant's solicitation of business on thirteen occasions coupled with its presence in the state three times was insufficient to meet the requirements of section 48.193(2).

Similarly, in *Rafal v. Mesick,* 661 So.2d 79 (Fla. 2nd Dist. Ct.App.1995), the court found that personal jurisdiction over the non-resident defendant could not be founded on section 48.193(2) because the defendant's contacts with Florida were not "systematic and continuous business contacts." *Id.* at 82. In *Rafal,* the defendant was a stockbroker in Connecticut. The plaintiffs opened an account with him when they were residents of Connecticut. After the plaintiffs moved to Florida, the defendant continued to service their account, including sending them correspondence informing them of the status of the account.

In contrast, the defendants in *Future Tech International, Inc. v. Tae II Media, Ltd.,* 944 F.Supp. 1538 (S.D.Fla.1996), were found to have substantial and not isolated contact with Florida by virtue of an existing business relationship under which Tae II Media, Ltd. manufactured computer monitors and systems sold by Future Tech International, Inc., a Florida company. When problems developed in the business relationship, the parties engaged in extensive correspondence, telephone conversations and exchange of facsimiles. Representatives of Tae II Media, Ltd. attended three meetings in Miami. In addition, Future Tech International, Inc. presented affidavits establishing that Tae II Media, Ltd. solicited business from Florida-based competitors of Future Tech International, Inc.

**\*7** The evidence presented here does not establish that Metronor had substantial contact with Florida. Metronor attended a trade conference for five days in 1997, at which it made sales presentations. It did not sell any products in Florida, it does not advertise its products in Florida and it does not have an office or sales force in Florida. The four letters were isolated events, having no direct relationship to Metronor's appearance at the CMSC conference. Accordingly, I conclude that Geodetic failed to establish that Metronor had substantial and not isolated contacts with Florida sufficient for the Court to exercise general jurisdiction over the defendant.

Because Geodetic did not establish a basis for the Court to exercise specific or general jurisdiction over Metronor, I do not need to reach the question of whether exercise of personal jurisdiction over the defendant would be consistent with due process. I also need not determine whether venue exists in this district.

IV. Recommendation.

Based on the foregoing report, I recommend that the Court GRANT Metronor's Motion for Dismissal for Lack of Personal Jurisdiction (Doc. No. 7).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

M.D.Fla.,2000.
Geodetic Services Inc. v. Metronor AS
Not Reported in F.Supp.2d, 2000 WL 1027222 (M.D.Fla.), 55 U.S.P.Q.2d 1365

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.