# EXHIBIT 2

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1987 WL 14734 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Chen v. Regitar Power Tools Co., Ltd.N.D.Ill.,1987.Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
C. YANG CHEN, Plaintiff,
v.
REGITAR POWER TOOLS CO, LTD., et al. Defendant.
No. 86 C 6425.

July 20, 1987.

MEMORANDUM OPINION
GRADY, Chief Judge.
*1 This patent case is before us on the motion of defendant Regitar Power Tools Co., Ltd. ('Regitar') to dismiss the action under Federal Rules of Civil Procedure 12(b)(2), (3), and (6) on the grounds that this court lacks personal jurisdiction over Regitar, a Taiwanese corporation, that venue in this district is improper, and that the complaint fails to state a claim for patent infringement. For the reasons stated below, the motion is denied.

FACTS AND PROCEDURAL BACKGROUND

Plaintiff C. Yang Chen ('Chen'), a citizen of Taiwan, is the holder of United States Letters Patent No. 4,561,330 for a 'pipe wrench.' Complaint at ¶6. Chen alleges that defendants Regitar and Star Supply Co., Inc. ('Star'), an Illinois corporation, have infringed and continue to infringe that patent by selling, offering for sale, and using pipe wrenches embodying Chen's invention. Id. at ¶7. The only specific allegation of infringement in the complaint is that defendants 'displayed and offered for sale an infringing pipe wrench at the National Hardware Show held in Chicago, Illinois' in August 1986. Id. at ¶8. Chen requests injunctive relief and treble damages from this infringement.

Defendant Regitar has moved to dismiss primarily on the ground that this court has no personal jurisdiction over it. Regitar argues that neither the Illinois long-arm statute nor the Due Process Clause of the Fifth Amendment permits the exercise of personal jurisdiction over it in the Northern District of Illinois. Memorandum in Support at 3-7. Accordingly to Regitar, the company has never had a 'legal presence' in Illinois or the United States; it has never owned property, maintained any place of business, or employed any personnel in this country. Further, it has never sold or delivered any of its 'Rapid Swivel Wrenches' to any persons in the United States. Motion to Dismiss, Exhibit A at ¶¶2, 6 (Declaration of Kim Tsai). Regitar concedes that it has sold electric 'tacker' machines to Star; however, it asserts that there is no written agreement naming Star as the distributor of the tacker and that the tackers are sold to common carriers F.O.B. Taiwan and then delivered to Star in Chicago. Id., Exhibit A at ¶4. We first consider Regitar's objection to venue before addressing the jurisdictional issue.

DISCUSSION

Venue

Regitar has requested dismissal for improper venue. The complaint states that venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 1400(b). Section 1391(b) states, 'A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.' Section 1400(b) places venue for patent infringement actions in the district where the defendant has committed acts of infringement.

Regitar asserts that section 1391(b) is inapplicable in patent infringement suits, and that section 1391(d), not 1400(b), applies to all federal actions against aliens, including patent suits. This is correct. Brulette Machine Works v. Kockum Industries, 406 U.S. 706, 714 (1972). However, the plain language of section 1391(d)-'An alien may be sued in any district'-means that the site of Regitar's conduct is wholly irrelevant for venue purposes. An alien corporation may be sued for patent infringement in any district. Brun-

Case 1:06-cv-01261-PLF     Document 11-3     Filed 10/25/2006     Page 3 of 5

Not Reported in F.Supp.                                                                                                               Page 2
Not Reported in F.Supp., 1987 WL 14734 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

swick Corp. v. Suzuki Motor Co., Ltd., 575 F. Supp. 1412, 1425 (E.D. Wis. 1983).

**\*2** Regitar points out in its reply memorandum that the complaint, which posits venue pursuant to section 1391(b), 'remains unamended.' Reply Memorandum at 1. Federal Rule of Civil Procedure 8(f) provides that '[a]ll pleadings shall be so construed as to do substantial justice.' Because section 1391(d) so clearly and unequivocally allows for venue in this district, 'substantial justice' dictates that we do not dismiss this case on the ground that Chen's complaint relies on section 1391(b).

Personal Jurisdiction

A federal district court has personal jurisdiction over a party only if a court of the forum state would have such jurisdiction. Brunswick, 575 F. Supp. at 1416. The jurisdictional power afforded by the Illinois long-arm statute is not co-extensive with the outer limits of the Due Process Clause of the Fifth Amendment;[FN1] as a result, we first determine whether the alleged jurisdictional facts fall within the ambit of the long-arm statute. If they do not, we need not reach the question of whether exercising jurisdiction comports with due process. Young v. Colgate-Palmolive Co., 790 F.2d 567, 569 (7th Cir. 1986); Hansen Lind Meyer, P.C. v. Hoskins Scott Taylor & Partners, Inc., No. 86 C 4726, Memorandum Op. at 3-4 (N.D. Ill. June 8, 1987) (Grady, J.).

The Illinois long-arm statute provides two possible bases for personal jurisdiction over Regitar: the 'transaction of any business' within Illinois (Ill. Rev. Stat. ch. 110, ¶2-209(a)(1)), or the 'commission of a tortious act' within the state (¶2-209(a)(2)). Chen submits that Regitar 'transacted business' in Illinois through its sales of tackers to Star and its display of the wrench at the trade show. Chen also argues that the infringement of its patent at the trade show constitutes a 'tortious act' conferring jurisdiction. Memorandum in Opposition at 2-5. Regitar replies that it has only 'transitory' contacts with Illinois and has not 'transacted business' within the state. It also argues that its display of the wrench at the trade show did not constitute an act of infringement and therefore was not tortious. Reply at 3.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of providing sufficient facts to support the exercise of jurisdiction and the concurrent advantage of having all factual disputes resolved in his favor. Franks v. Joe Eisenbarger & Co., No. 85 C 7097, Memorandum Op. at 2 n.1. (N.D. Ill. Feb. 7, 1986) (Grady, J.). The court may consider both the complaint and supporting affidavits in making the jurisdictional determination. O'Hare International Bank v. Hampton, 437 F.2d 1173, 1176 (7th Cir. 1971). Using these standards, we conclude that Regitar is subject to personal jurisdiction in Illinois as an alleged tortfeasor.

The materials before us do not support Chen's contention that Regitar has 'transacted business' in Illinois within the scope of Illinois' long-arm statute. The cause of action in this case is based on the activities of Regitar at the trade show, where, according to Regitar's manager:

**\*3** The Rapid Swivel Wrench was on display with copies of its printed one-page circular in English . . .. Regitar's purpose was to learn how the public would react to the wrench through informal discussions with visitors to the booth. Since then, the wrench has never been displayed in the United States.

Motion to Dismiss, Exhibit A at +5. Star's President, Louis Dimopolous, testified at his deposition that Regitar paid for its booth at the show and was represented there by two of its employees. Deposition of Dimopolous at 40-41. Neither party states that any 'transactions' (sales or agreements to sell) were made regarding the wrench.

Although physical presence is a factor in determining whether a party has transacted business in Illinois, it is not dispositive. Maurice Sternberg, Inc. v. James, 577 F. Supp. 882, 886 (N.D. Ill. 1984) (Grady, J.). When agents of a non-resident defendant enter Illinois and solicit business here, the courts will find jurisdiction. Caicos Petroleum Service Corp. v. Hunsaker, 551 F. Supp. 152, 154 (N.D. Ill. 1982). Yet we have no evidence that any sales of the wrench were proposed or completed by Regitar in any location. For the purposes of the long-arm statute, the business transacted by defendant must 'give rise' to the cause of action-the plaintiff's suit must be 'one which lies in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-01261-PLF     Document 11-3     Filed 10/25/2006     Page 4 of 5

Not Reported in F.Supp.                                                                                                                Page 3
Not Reported in F.Supp., 1987 WL 14734 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

the wake of the commercial activities by which the defendant submitted to the jurisdiction of the Illinois courts.' Young, 790 F.2d at 570 (citing Huffman v. Inland Oil Transport Co., 98 Ill. App. 3d 1010, 424 N.E.2d 1209, 1214 (5th Dist. 1981)). See also Jacobs/Kahan & Co. v. Marsh, 740 F.2d 587, 589-90 (7th Cir. 1984); Hansen Lind Meyer, Memorandum Op. at 4. Chen has not produced evidence that Regitar transacted business involving the wrench at the trade show, and therefore the minimum relationship between the transaction of business and cause of action is not present.

As an additional means to obtain personal jurisdiction over foreign corporations not licensed in the state, Illinois courts also apply a 'doing business' rule that is independent of the 'transaction of business' subsection of the long-arm statute. Cook Associates, Inc. v. Lexington United Corp., 87 Ill. 2d 190, 429 N.E.2d 847, 851 (1981); Chronister v. Sam Tanksley Trucking, Inc., 569 F. Supp. 464, 466 (N.D. Ill. 1983). Under this doctrine, a defendant who has conducted 'regular, systematic activity within the state' may be subject to jurisdiction in Illinois even if he has not transacted business in the state that leads directly to the cause of action. We do not think Regitar has engaged in the type of 'systematic' activity within the state required to confer jurisdiction. Star's president testified that Regitar has been doing business here by selling tackers to Star and making other visits to potential customers, including Star, in Illinois. Deposition of Dimopolous at 25-30, 48. The sales of the tackers did not require any contracts with Illinois except for communication with Star-the products were sent by Regitar to a shipper in Taiwan who brought the goods into the state. Nor does the visit of Kim Tsai (Dimopolous Deposition at 47-49) serve to establish regular activity within the state. Tsai apparently made a handful of 'sales calls' and then returned to Taiwan. Even assuming that everything in Dimopolous' deposition is accurate, Chen has not met its burden to show that Regitar was 'doing business' in Illinois.

**\*4** The basis for jurisdiction over Regitar can only be its alleged commission of a 'tortious act' within Illinois. Patent infringement is a tort, and an allegation of infringement has served to establish jurisdiction under paragraph 2-209(a)(2). Honeywell, Inc. v. Metz Apparatewerke, 509 F.2d 1137 (7th Cir. 1975); Florendo v. Pan Hemisphere Transport, Inc., 419 F. Supp. 16, 17 (N.D. Ill. 1976) (Grady, J.). Regitar seeks to avoid application of the tort subsection by arguing that its actions do not amount to infringement. This is also the basis for its motion to dismiss the complaint for failure to state a claim.

Federal patent law states, '[W]hoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.' 35 U.S.C. § 271(a). It has been held that 'mere' display of an invention at a trade show does not constitute an infringing 'use.' Knapp-Monarch Co. v. Casco Products Corp., 342 F.2d 622, 626 (7th Cir.), cert. denied, 382 U.S. 828 (1965); Brennan v. Mr. Hanger, Inc., 479 F. Supp. 1215, 1231 (S.D.N.Y. 1979). However, as we have ruled in defining 'use' for venue purposes,[FN2] 'Demonstration of a product is distinguished from mere display because the former may be more likely to ripen into an actual sale and thus 'use' . . ..' U.S. Environmental Products, Inc. v. Infilco Degremont, Inc., 611 F. Supp. 371, 374 (N.D. Ill. 1985) (Grady, J.). Regitar displayed the wrench at the trade show and passed out brochures demonstrating the uses of the 'rapid swivel' mechanism. Chen claims that Regitar personnel also demonstrated how the wrench was to be used. Memorandum in Opposition at 3. Although Regitar does not concede that it demonstrated the wrench, we reiterate that all disputes of fact are resolved in plaintiff's favor for purposes of this motion. Even though the wrench was not sold here, Chen has alleged that it was 'used' here. He has stated a claim for patent infringement, and we deny the motion to dismiss for failure to state a claim. The 'tortious act' subsection of the long-arm statute therefore gives us jurisdiction, provided its exercise is within the bounds of due process.

The 'constitutional touchstone' of the due process analysis of personal jurisdiction remains whether the defendant purposefully established 'minimum contacts' in the forum state. Asahi Metal Industries v. Superior Court of California, Solano Cty., 480 U.S. 102, 107 S. Ct. 1026, 1031 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Where the defendant 'avails itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws,' jurisdiction is proper. Burger King, 471 U.S. at 475.

In Burger King, the defendants were franchisees of a fast food chain which was headquartered in Florida. The chain sued the franchisees for breach of contract in the United States District Court for the Southern District of Florida, and the Supreme Court held that jurisdiction could be exercised over the defendants even though they had entered contracts with plaintiff through plaintiff's district offices outside Florida and by mail and telephone contact with the Florida headquarters, never themselves entering Florida. The Court ruled that defendants had 'fair warniny' that their dealings might subject them to Florida jurisdiction and that they had purposefully established minimum contacts with that state. Id. at 472, 476. The Court concluded that exercising jurisdiction did not offend the principles of 'fair play and substantial justice' at the root of the Due Process Clause in that the defendants chose to reach out and negotiate with an out-of-state corporation and that their connection with Florida was not so 'random' or 'fortuitous' that defendants could not reasonably anticipate behing haled into court there. Id. at 486 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

*5 Regitar has also purposefully availed itself of the privilege of conducting activities within Illinois. It has done more than the Burger King defendants because it voluntarily sent its agent into Illinois to represent the company at the trade show. Surely any corporation must reasonably anticipate being haled into court in a jurisdiction where it deploys its agents-especially given the possibility that those agents might commit torts, as Chen has alleged here.

Regitar maintains that this case is more closely akin to Asahi, in which the defendant Ashai was a Japanese manufacturer which sold materials to a Taiwanese company (Cheng Shin), which in turn produced tire tubes for export to the United States. When a California plaintiff sued Cheng Shin for personal injuries resulting from a defective tube, Cheng Shin filed a cross-complaint seeking indemnification from Asahi. In ruling that due process precluded the California court's exercise of jurisdiction over Asahi, the Court stressed, 'The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state,' even if one assumed that Asahi knew its component parts might end up in California. 107 S.Ct. at 1033. Regitar, however, did not simply place a product into the stream of commerce-its agents brought the product into Illinois and displayed and demonstrated it at a trade show here. Its deliberate entrance into and 'use' of the Illinois location clearly distinguishes this case from Asahi, in which other actors took the defendant's product into a forum with which Asahi had no other connection. The Due Process Clause of the Fifth amendment does not bar jurisdiction over Regitar in this case.

CONCLUSION

Regitar's Motion to Dismiss is denied. Regitar has until August 7, 1987, to answer the complaint.

> FN1 When a federally created right is at issue, as here, the Due Process Clause of the Fifth Amendment rather than that of the Fourteenth Amendment is the focus of analysis. In the jurisdictional context, however, this is not a significant distinction. Cf. Brunswick, 575 F. Supp. at 1416 n.2.

> FN2 The test for sufficient 'use' is less strict in determining whether an act of infringement has occurred for venue purposes, and the 'act of infringement' analysis is liberally construed in that setting. William Sklaroff Design Assoc., Inc. v. Metcor Mfg., Inc., 224 U.S.P.Q. 769, 772 (N.D. Ill. 1984). We apply this same liberal construction in defining 'use' for jurisdictional purposes.

N.D.Ill., 1987.
Chen v. Regitar Power Tools Co., Ltd
Not Reported in F.Supp., 1987 WL 14734 (N.D.Ill.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.